UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CEDRIC RAYNARD STUBBS and
DECHANTRA CATRECIA STUBBS,

    Plaintiffs,

v.                                 Case No:   2:16-cv-762-FtM-99CM

RIVERSIDE BANK OF THE GULF
COAST, TIB BANK, FIRST
HORIZON HOME LOAN, FIRST
TENNESSEE HOME LOAN,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
("MERS"), SETERUS, FANNIE MAE,
JANE DOES and JOHN DOES,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on a *sua sponte* review of Plaintiffs Cedric Raynard Stubbs and Dechantra Catrecia Stubbs' Complaint (Doc. #1) filed on October 12, 2016. For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this case and dismisses Plaintiff's Complaint without prejudice.

Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Univ. of S. Ala. v. American Tobacco Co., 168 F.3d

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)). "Without jurisdiction the court cannot proceed at all in any cause." Univ. of S. Ala., 168 F.3d at 410.

Liberally construing the Complaint, Plaintiffs appear to assert strictly common law challenges to the foreclosure of their real property in Punta Gorda, Florida.  (Doc. #1). They request a Court Order of Foreclosure and Sale and allege that Defendants are "several corporations who have fraudulently perpetrated and choreographed a plan of action, with the intent to injure the plaintiff and deceptively steal the Title to their real property purchased and self-financed, which is located at 25050 Harborside Blvd, Punta Gorda, Florida 33955.  Plaintiffs allege that the state court erred by rewarding the Defendants judgment because they failed to produce the Promissory Note.

District courts have "original jurisdiction of all civil cases *arising under* the Constitution, laws, or treaties of the United States." *Id.* (emphasis added).  "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citation omitted).  That rule "provides that whether a case 'arises under' federal law must be determined from what necessarily appears in the plaintiff's statement of his own claim[.]" *Id.* (citation omitted).  In other words, "federal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.;" *Id.* at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis in original)).

Here, Plaintiffs do not indicate the basis for subject matter jurisdiction in the Civil Cover Sheet (Doc. #1-9)[2] and the Complaint does not assert any claim arising under federal law. (Doc. #1). If the Florida state court has already entered a final judgment of foreclosure against Plaintiffs, this Court has no jurisdiction to relieve them from that judgment. Plaintiffs cannot challenge the state court's final decision in the foreclosure proceeding without running afoul of the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Under the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review a final state court decision. See *Nicholson v. Shafe,* 558 F.3d 1266, 1270-72 (11th Cir. 2009). The doctrine divorces federal courts from reviewing "state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Nivia v. Nation Star Mortg., LLC,* 620 F. App'x 822, 824 (11th Cir. 2015); *see also* *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Therefore, the Complaint is due to be dismissed for lack of subject matter jurisdiction. The Court will afford Plaintiffs one opportunity to amend.

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Complaint (Doc. #1) is **DISMISSED without prejudice**.

---

[2] Although Plaintiffs quote the statute for diversity of citizenship under 28 U.S.C. § 1332, there are no allegations of citizenship in the Complaint, and thus the Court finds no assertion of diversity jurisdiction.

(2) Plaintiff may file an amended complaint on or before **October 28, 2016** in accordance with the above.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of October, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record