UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CEDRIC RAYNARD STUBBS and
DECHANTRA CATRECIA STUBBS,

    Plaintiffs,

v.                                   Case No: 2:16-cv-762-FtM-99CM

RIVERSIDE BANK OF THE GULF
COAST, TIB BANK, FIRST
HORIZON HOME LOAN, FIRST
TENNESSEE HOME LOAN,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
("MERS"), SETERUS, FANNIE MAE,
JANE DOES and JOHN DOES,

    Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on Plaintiffs *pro se* Cedric Raynard and Dechantra Catrecia Stubbs' Amended Motion to Intervene (Doc. #9) and Motion for Leave to File Amended Complaint (Doc. #10) filed on November 18 and December 5, 2016. For the reasons set forth below, the motions are denied and this case is dismissed for lack of subject matter jurisdiction.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

Following a *sua sponte* review[2] of the Complaint (Doc. #1), on October 14, 2016, the Court dismissed Plaintiffs' Complaint without prejudice for lack of subject matter jurisdiction and allowed Plaintiffs time to file an amended complaint in accordance with that Order. (Doc. #3, citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Instead of filing an amended complaint, Plaintiffs filed an Amended Motion to Intervene. (Doc. #6). Rather than construe the Amended Motion to Intervene (Doc. #6) as an amended complaint, the Court allowed Plaintiffs additional time to file an amended complaint in accordance with the Court's October 14, 2016 Order. (Doc. #8).

Again, instead of filing an amended complaint, Plaintiffs filed another Amended Motion to Intervene. (Doc. #9). Plaintiffs also filed a Motion for Leave to File Amended Complaint (Doc. #10), attaching a proposed Amended Complaint. (Doc. #10-1). The Court will deny the request to intervene and review the proposed Amended Complaint to determine if it would have subject matter jurisdiction over the case.

## DISCUSSION

Subject matter jurisdiction relates to the Court's power to adjudicate a case. *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *Taylor v. Appleton*, 30 F.3d 1365,

---

[2] Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." (citations omitted)). "Without jurisdiction the court cannot proceed at all in any cause." *Univ. of S. Ala.*, 168 F.3d at 410.

1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court cannot proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also University of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Because Plaintiffs are proceeding *pro se*, their pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Even liberally construing the proposed amendment, the Court lacks subject matter jurisdiction over this case based upon Plaintiffs' allegations. Although no separate counts are alleged, Plaintiffs title the amended complaint as a "Petition for Relief from Court Order Granting Judgment Against Estate Without Jurisdictional and Right to a Fair Trial from Foreclosure and Sale" and seem to be alleging injury and damages based upon Defendants' misconduct during the foreclosure of their home. Plaintiffs allege that the lender never produced the Note in the underlying foreclosure proceeding, but instead produced an "Affidavit of Lost Note," which contents were untrue, in violation of the Truth in Lending Act (TILA).

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). This is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

those judgments." *Lance v. Dennis*, 546 U.S. 459 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In the instant case, the Court again finds that the *Rooker–Feldman* doctrine applies and Plaintiffs proposed amended complaint does not remedy the jurisdictional defects previously identified by the Court. (Doc. #3). Plaintiffs could have raised their TILA claims in the foreclosure action as either affirmative defenses or counterclaims and this Court cannot act as an appellate court to the state court foreclosure proceedings and final judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Accordingly, it is now **ORDERED**:

(1) Plaintiffs' Amended Motion to Intervene (Doc. #9) is **DENIED**.

(2) Plaintiffs' Motion for Leave to File Amended Complaint (Doc. #10) is **DENIED**.

(3) This Clerk is directed to enter judgment dismissing this case for lack of subject matter jurisdiction and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of February, 2017.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record